### COMMONWEALTH *vs.* JAMES FLOOD.

Nantucket.    October 28, 1890. — November 28, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Adultery — Evidence — Confession.*

At the trial of an indictment for adultery, a physician, after testifying that he found the woman with whom the adultery was alleged to have been committed to be pregnant while treating her professionally, and that the defendant then acknowledged that he was the father of the child, and said he wanted it got rid of, further testified that soon after he sent for the defendant to come to his office, and, telling him that, if anything was to be done to get rid of the child, it would be necessary for him to know all the circumstances, asked him if he had any doubt as to his being the father of the child; and that the defendant answered, without knowing that other persons were concealed within hearing, that he had had connection with the woman many times within the year before her pregnancy was discovered. *Held*, that the answer of the defendant was admissible as evidence against him.

INDICTMENT for adultery. Trial in the Superior Court, before *Sherman*, J., who allowed a bill of exceptions in substance as follows.

Dr. J. Alban Kite, a practising physician, called as a witness by the government, testified that, on March 29, 1890, he was called to treat professionally the woman with whom the adultery was alleged to have been committed, and who was a member of the defendant's family; that she had a cough, and on examining her he found that she was pregnant; that the defendant then acknowledged that he was the father of the child, and wanted it got rid of; that shortly afterwards he sent for the defendant to come to his office in Nantucket; that he then told the defendant, that, if he wanted him to do anything to rid the woman of the child, it would be necessary for him to know all the circumstances of the case; and that he then asked him if he had any doubt as to his being the father of the child.

The judge, after instructing the jury under what circumstances confessions were to be considered by them, against the defendant's objection, admitted the defendant's answer to the witness, which was, that there was no doubt that he had had connection with the woman many times since she was fourteen years old, and that he had had connection with her during the year preceding March, 1890, many times. Three men, one a State detective, who were in an adjoining room, the door being ajar so that they could hear what was said, testified to the same conversation substantially. The defendant had no reason to suppose that any one heard what he said, except the doctor.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Brown & R. C. Brown,* for the defendant.

*H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

FIELD, C. J. So far as appears, the confessions were voluntary, and the defendant was not induced to make them by any " fear of personal injury, or hope of personal benefit, of a temporal nature " threatened or promised by any person who, as he supposed, had " some power or authority to' assure to him the promised good, or to cause or influence the threatened injury." See *Commonwealth* v. *Morey,* 1 Gray, 461.

*Exceptions overruled.*